IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-36-BO

| | | |
|---|---|---|
| TAMARA SUREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LIFERESTORE MD USA LLC NC1 LLC, | ) | |
| LIFERESTORE MD USA LLC, DAVID | ) | |
| AKINA, and ALLEN MEGLIN, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion [DE 111] for reconsideration regarding the Court's order filed June 24, 2024, at [DE 80]. Defendant Meglin has responded in opposition, [DE 116], plaintiff has replied [DE 120], and, in this posture, the motion is ripe for disposition. For the reasons that follow, plaintiff's motion is denied.

BACKGROUND

Plaintiff initiated this action by filing a complaint against defendants in March 2022. Plaintiff filed an amended complaint on October 18, 2022, in which she alleges that defendants violated state and federal wage and hour laws and retaliated against her. [DE 30]. Plaintiff has alleged three violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*: for failure to pay overtime, failure to pay minimum wages, and retaliation. [DE 30] at 10. Plaintiff has alleged three violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*: for failure to pay overtime, failure to pay for all hours worked on regular payday (a "payday" claim), and failure to pay minimum wage. *Id.* at 11. Plaintiff has also alleged a claim for wrongful

discharge in violation of North Carolina public policy and for violation of North Carolina's Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §§ 95-240, *et seq*. Clerk's default has been entered against the corporate defendants, LifeRestore MD USA LLC NC1 LLC and LifeRestore MD USA LLC. [DE 49].

On June 24, 2024, the Court[1] resolved cross-motions regarding plaintiff's claims against defendant Allen Meglin. [DE 80]. The Court granted plaintiff's motion for partial summary judgment as to Meglin, granted in part and denied in part Meglin's motion for partial dismissal, and granted in part and denied in part Meglin's motion for summary judgment. *Id*. at 55. The Court held that, as against Meglin, plaintiff's claim under the Fair Labor Standards Act (FLSA) for overtime and minimum wages and her "payday" claim under the North Carolina Wage and Hour Act (NCWHA) would proceed to trial. The Court dismissed without prejudice plaintiff's NCWHA claim for overtime and minimum wages and dismissed all other claims. *Id*. at 56; *see also* [DE 100].

On April 10, 2025, the Court granted in part and denied in part plaintiff's motion for partial summary judgment as to liability on her claims against defendant David Akina. [DE 101]. The Court found Akina liable to plaintiff for damages caused by violations of the FLSA concerning minimum wages and the NCWHA concerning plaintiff's payday claim under N.C. Gen. Stat. § 95-25.6, for damages yet to be proven. The Court dismissed without prejudice plaintiff's NCWHA claims against Akina for overtime and minimum wages, and denied plaintiff's motion as to her claim against Akina for overtime under the FLSA due to the presence of triable issues of fact. *Id*. at 20-21.

---

[1] This matter has proceeded before Chief United States District Judge Richard E. Myers II until its reassignment to the undersigned on August 15, 2025.

Plaintiff filed the instant motion for reconsideration on July 14, 2025. Trial in this matter is currently set to commence on Tuesday, September 16, 2025, at Elizabeth City.

DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted). "A Rule 54(b) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Ashmore v. Williams*, No. 8:15-CV-03633-JMC, 2017 WL 24255, at *3 (D.S.C. Jan. 3, 2017).[2]

Plaintiff argues that the third exception to the law of the case doctrine applies, and that the prior order contains clear error resulting in manifest injustice. But "[a] prior decision does not

---

[2] For the purposes of this decision, the Court presumes familiarity with the case, plaintiff's claims, and the order plaintiff asks the Court to reconsider.

3

qualify for this third exception by being 'just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). The Court discerns no error in the prior decision, much less any determination which was "dead wrong." *Id.*

Plaintiff contends that dismissal of her retaliation claims was based on grounds raised *sua sponte* and was both clear error and manifestly unjust. Plaintiff also argues that the Court's dismissal of Meglin individually from her wrongful discharge in violation of public policy claim was based on grounds raised *sua sponte* and was also clear error and manifestly unjust. At bottom, plaintiff is unhappy with the Court's decision and seeks to rehash the result.

First, the Court acted well-within its discretion to liberally construe defendant Meglin's arguments, and did not, as plaintiff suggests, assist Meglin or otherwise raise grounds *sua sponte*.

As to plaintiff's retaliation claims, the Court conducted a complete and detailed review of the issues presented, including whether plaintiff's internal complaints constituted protected activity. Contrary to plaintiff's argument, the Court applied the holdings in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011), and *Minor v. Bostwick Lab'ys, Inc.*, 669 F.3d 428 (4th Cir. 2012), as well as other cases which have since considered the issue. *See* [DE 80] at 52-54. Plaintiff cites to, for example, *Fisher v. BAE Sys. Tech. Sols. & Servs. Inc.*, No. 8:23-CV-00225-AAQ, 2024 WL 3455003, at *7 (D. Md. July 17, 2024), to argue that the Court's decision was erroneous. But in *Fisher*, evidence showed that the employer *itself* understood that plaintiff was asserting rights under the FLSA. *Id.* No such evidence is present in this case. Rather, as the Court recognized, while plaintiff need not have specifically identified any statute, she nonetheless must have given "fair notice that a grievance had been lodged." *Kasten*, 563 U.S. at 14.

4

The Court further notes that the very evidence on which plaintiff relies in her motion for reconsideration, including references to her September 27, 2021, email, written complaints on September 30, October 1, and October 2, 2021, and her demand to be paid by a date certain, was considered by the Court in its decision. *Id.* at 50-52; *see* [DE 112] at 7-8. After considering the record and the case law, the Court concluded that plaintiff had failed to create a genuine issue of material fact as to whether she had engaged in protected activity. [DE 80] at 55. Plaintiff has identified no clear error in this determination.

As to plaintiff's public policy claim, the Court thoroughly examined plaintiff's argument regarding her joint venture and alter ego allegations and determined that these were insufficiently pled. *See* [DE 80] at 14-18. In the instant motion, plaintiff argues that her allegations are deemed admitted and that Meglin did not argue that he was not part of a joint venture. In its prior order, the Court considered the allegations in light of the applicable standards, *see Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court need not accept as true legal conclusions or unwarranted inferences), and properly addressed the joint venture/alter ego theories which were raised by plaintiff in her response to Meglin's motion. [DE 62]. Plaintiff takes issue with the Court's analysis, but falls far short of demonstrating that the Court's decision was erroneous. Plaintiff further takes issue with the Court's failure to permit her an opportunity to amend her complaint to include additional allegations supporting a joint venture theory, but plaintiff did not request leave to amend her complaint.

In sum, plaintiff is dissatisfied with the Court's decision. That is plainly not a basis upon which reconsideration is warranted. The motion for reconsideration is denied.

5

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration [DE 111] is

DENIED.

SO ORDERED, this __27__ day of August 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE