IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-36-BO

| | | |
|---|---|---|
| TAMARA SUREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LIFERESTORE MD US LLC NC1 LLC, | ) | |
| LIFERESTORE MD USA LLC, DAVID | ) | |
| AKINA, and ALLEN MEGLIN, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court *sua sponte* following the filing of an acceptance of a Fed. R. Civ. P. 68 offer of judgment by defendant Allen Meglin. *See* [DE 128]; [DE 129]. Rule 68 of the Federal Rules of Civil Procedure provides

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Generally, as Rule 68 contemplates, the filing of an offer of judgment and acceptance requires entry of judgment by the Clerk. Where, however, as here, the offer of judgment does not dispose of all claims and all parties, but appears to contemplate final judgment between the parties who have agreed to the offer of judgment, Fed. R. Civ. P. 54(b) is implicated. *See, e.g., Roberson v. Paul Smith, Inc.*, No. 5:07-CV-284-F, 2011 U.S. Dist. LEXIS 16553, at *38 (E.D.N.C. Feb. 18, 2011). Thus, "when a Rule 68(a) offer of judgment directs entry of judgment against fewer than all the claims or parties, the Clerk's judgment can be revised at any time before the adjudication

of all claims in the suit under Rule 54(b). Accordingly, in cases such as this, where the offer of judgment contemplates a final, non-revisable judgment, the Court should enter judgment under Rule 54(b), Fed. R. Civ. P." *It's Greek to Me, Inc. v. Fisher*, No. 17-4084-KHV, 2018 U.S. Dist. LEXIS 67480, at *2 (D. Kan. Apr. 23, 2018) (citation omitted).

The first amended offer of judgment by Meglin, [DE 128], which plaintiff has accepted, [DE 129] is for $29,400.00, "together with reasonable costs and attorney's fees in an amount to be determined by the Court, in full and complete satisfaction of Plaintiff's claims against [Meglin] under the North Carolina Wage & Hour Act and Fair Labor Standards Act." [DE 128] at 2. The offer of judgment further clarifies that the claims which are the subject of the offer are plaintiff's remaining claims against Meglin as outlined in [DE 100].

Where "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Though the plaintiff and Meglin have not expressly requested entry of Rule 54(b) judgment, the offer of judgment and acceptance clearly contemplates entry of a final judgment. Accordingly, and finding no reason for delay, the clerk is DIRECTED to enter final judgment pursuant to Fed. R. Civ. P. 54(b) on the Rule 68 offer of judgment. Judgment shall be entered for $29,400.00, together with reasonable costs and attorney's fees in an amount to be determined by the Court, in full and complete satisfaction of Plaintiff's claims against defendant Allen Meglin under the North Carolina Wage & Hour Act and Fair Labor Standards Act.

In light of the foregoing, Meglin's motions to deposit funds and suggestion of mootness [DE 122], [DE 125] are DENIED WITHOUT PREJUDICE as MOOT. Defendant Meglin's motions in limine [DE 102], [DE 124] are also DENIED WITHOUT PREJUDICE as MOOT.

Within three (3) days of the date of entry of this order, plaintiff shall file a status report regarding how she intends to reduce her remaining claims against the remaining defendants to judgment and whether the jury trial set for September 16, 2025, remains necessary.

SO ORDERED, this ___ day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE