UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:22-CV-36

| | |
|---|---|
| TAMARA SUREY (f/k/a MILLER),<br><br>         Plaintiff,<br><br>v.<br><br>LIFERESTORE MD USA LLC NC1 LLC;<br>LIFERESTORE MD USA LLC; DAVID AKINA;<br>and ALLEN MEGLIN,<br><br>         Defendants. | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AKINA** |

Plaintiff Tamara Surey respectfully moves pursuant to Rule 55 of the Federal Rules of Civil Procedure for the Court to strike Defendant Akina's Answer as abandoned; enter default judgment against Defendant Akina; consolidate damages against Akina with the defaulted corporate defendants, jointly and severally; and determine damages on written submissions and supporting affidavits, and/or at a short bench hearing, in lieu of trial.

In support, Plaintiff shows as follows:

I.     RELEVANT PROCEDURAL HISTORY

Plaintiff initiated this action on March 7, 2022. Plaintiff filed the operative Amended Complaint on October 18, 2022, asserting claims under the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act ("NCWHA"), the North Carolina Retaliatory Employment Discrimination Act ("REDA"), and common law wrongful discharge in violation of public policy ("WDPP"). [Doc. No. 30]

Defendant Akina filed an Answer through counsel on November 8, 2022. [Doc. No. 31] On July 7, 2023, the Court granted defense counsel's motion to withdraw and ordered Defendants to retain substitute counsel. [Doc. No. 46] Thereafter, the corporate defendants failed to appear, and default was entered against them on August 11, 2023. [Doc. No. 49]

Since counsel's withdrawal, Defendant Akina has taken no action to defend this case. He has not participated in discovery or filed any opposition to Plaintiff's dispositive motions. [See, Docket]

Plaintiff moved for entry of default on October 2, 2023. [Doc. No. 50] However, the Court denied that request on November 6, 2023, citing the absence of a record showing "failure to defend" in light of Akina's earlier Answer. [Doc. No. 67] On April 10, 2025, this Court granted Plaintiff's Partial Motion for Summary Judgment, finding Akina individually liable under the FLSA minimum wage provision and the NCWHA payday statute. The Court denied summary judgment only as to the overtime claim, leaving damages as the sole issue for trial. [Doc. No. 101]

Trial is set for September 16, 2025.

## II. LEGAL ARGUMENT

Rule 55(a) provides for entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend*." [Emphasis added] Courts in this Circuit have held that a defendant who initially answers but then ceases participation has "failed to otherwise defend" within the meaning of Rule 55(a). See, e.g., *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (acknowledging default appropriate where defendant "fails to proceed" in litigation). Similarly, where a defendant has previously appeared in an action but then "ceased participating in and defending [the] case," by, inter alia, "fail[ing] to file any pre-trial submissions as required by the Court's Scheduling Order" and "fail[ing] to appear for

2

the Court's final pretrial conference," the defendant has "clearly failed to 'otherwise defend' [the] case" and may be found in default. *Allied World Specialty Ins. Co. v. Design Build Mech. Corp.*, No. 1:15-cv-952-TSE-TCB; 2016 U.S. Dist. LEXIS 105664, *5-6 (E.D. Va. July 21, 2016) (report and recommendation of default judgment), adopted, 2016 U.S. Dist. LEXIS 105546 (E.D. Va. Aug. 9, 2016); accord *Johnson v. Robert Shields Interiors, Inc.,* No. 1:15cv820-AJT-TCB; 2016 U.S. Dist. LEXIS 62515, *5-6 (E.D. Va. May 11, 2016) (finding defendant in default due to a failure to appear for final pretrial conference and failure to obey scheduling order or other pretrial orders).

Entry of default is particularly appropriate where, as here, the defendant has ignored court orders, failed to respond to dispositive motions, failed to participate in joint pretrial filings, and presumably will fail to appear at the pretrial conference or trial. Rule 55(b)(2) authorizes the Court to enter default judgment, including determination of damages by hearing or otherwise. Defendant Akina has wholly abandoned his defense since July 2023, constituting a "failure to otherwise defend" within the meaning of Rule 55(a). Akina's Answer alone does not insulate him from default, given that he ceased defending. Akina has failed to appear, failed to prepare, and has given every indication that he has abandoned his defense. Akina's failure to participate has prejudiced Plaintiff, forced unnecessary expense, and wasted judicial resources. Given the Court's prior findings of liability against all Defendants on Plaintiff's wage claims, no legitimate defense remains. [Doc. No. 101] Trial against a non-appearing defendant would be an empty exercise. Entry of default judgment under Rule 55(b)(2) is therefore appropriate.

### III. CONCLUSION

Plaintiff respectfully requests that the Court strike Defendant Akina's Answer as abandoned; enter default judgment against Defendant Akina pursuant to Rule 55(a); consolidate

damages against Akina with the defaulted corporate defendants, jointly and severally; and determine damages on written submissions and supporting affidavits, or at a short bench hearing, in lieu of trial.

Respectfully submitted this 4th day of September 2025.

/s/ *L. Michelle Gessner*
L. Michelle Gessner, NC State Bar No. 26590
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Telephone: (704) 234-7442; Fax: (980) 206-0286
E-Mail: michelle@mgessnerlaw.com

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned also certifies that on September 4, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Further, the undersigned hereby certifies that a true and correct copy of the foregoing was served on Defendants by U.S. First Class Mail, postage prepaid, addressed as follows:

David Akina
1427 Military Cutoff Road #104
Wilmington, NC 28403-3694

LIFESTORE MD USA LLC NC1 LLC
8480 Honeycutt Road, Suite 200-Z300
Raleigh, NC 27615

LIFESTORE MD USA LLC
℅ LegalCorp Solutions, LLC
1221 College Park Dr., Suite 116
Dover, DE 19904

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NC State Bar No. 26590
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Telephone: (704) 234-7442; Fax: (980) 206-0286
E-Mail: michelle@mgessnerlaw.com

*Attorney for Plaintiff*