IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-36-BO

TAMARA SUREY, )
 )
        Plaintiff, )
 )
v. )    O R D E R
 )
LIFERESTORE MD US LLC NCI LLC, )
LIFERESTORE MD USA LLC, DAVID )
AKINA, and ALLEN MEGLIN, )
 )
        Defendants. )

On September 4, 2025, plaintiff filed a motion for entry of default judgment against defendant David Akina pursuant to Fed. R. Civ. P. 55. [DE 135]. Plaintiff further requests that the Court strike Akina's answer as abandoned, enter default against Akina pursuant to Rule 55(a), consolidate damages against Akina with the already defaulted corporate defendants, jointly and severally, and determine damages either on written submissions or at a short bench hearing. *Id.*

The Court presumes familiarity with this case, and the relevant procedural history is as follows. On April 28, 2022, Akina, appearing by and through counsel, answered the complaint. [DE 14]. On November 8, 2022, Akina, appearing by and through counsel, answered the amended complaint. [DE 31]. On July 7, 2023, Akina's counsel was permitted to withdraw. [DE 46]. Akina, and the corporate defendants whose counsel was also permitted to withdraw, were notified that the failure to comply with the terms of the order permitting counsel to withdraw could result in the entry of default against them. *Id.* Akina was specifically ordered to file the proper forms should he elect to proceed in this action *pro se*. *Id.* Akina failed to cause new counsel to appear, failed to file

the proper forms to indicate his intent to proceed *pro se*, and otherwise failed to cause any document to be filed in this case.

On November 6, 2023, plaintiff's motion for entry of default against Akina was denied. [DE 67]. On August 27, 2024, plaintiff's renewed motion for entry of default against Akina was denied. [DE 83]. Plaintiff was also permitted an extension of time by which to move for partial summary judgment against Akina, *id.*, and partial summary judgment was entered against Akina on April 10, 2025. [DE 101]. The Court found that, based upon plaintiff's attempts at service on both the corporate entity defendants and defendant Akina himself, Akina was likely to have been aware of the motion for partial summary judgment, but nonetheless failed to respond. *Id.*

The Court has granted summary judgment in plaintiff's favor on her claims against Akina for violating the Fair Labor Standard Act's (FLSA) minimum wage provision and the North Carolina Wage and Hour Act's payday statute, leaving only damages to be determined as to Akina on these claims. The Court left for trial plaintiff's FLSA overtime claim. *Id.*

Plaintiff's motion to strike Akina's answer and enter default against him is denied. The Court has twice denied plaintiff's motions for entry of default against Akina, and plaintiff's current motion fails to establish, by affidavit or otherwise, any substantial change in circumstances which would warrant revisiting that decision.

Accordingly, in the absence of any objection by plaintiff to proceeding without a jury, and in light of her request that the Court hold a bench hearing, the Court will hold an evidentiary hearing and bench trial on September 26, 2025, at 10:00 a.m. at the United States Courthouse at Elizabeth City.[1] At the bench trial, the Court will determine damages against Akina for the claims on which he has been held liable by entry of partial summary judgment. It will further consider

---

[1] Should plaintiff decline to waive her right to a jury trial against Akina, the case will be calendared for jury trial during the Court's October 2025 term and referred for pretrial conference.

Case 7:22-cv-00036-BO    Document 140    Filed 09/12/25    Page 2 of 4

liability and damages as to any claims against Akina which remain for resolution.[2] Should plaintiff so move in sufficient time to provide the corporate entity defendants with sufficient notice, *see* Fed. R. Civ. P. 55(b), the Court will also take evidence on the issue of default judgment against the corporate entity defendants.

Should plaintiff agree to waive her right to a jury trial on any remaining claims or issues against defendant Akina and proceed by way of a bench trial, she shall file a formal waiver not later than September 19, 2025. Plaintiff shall further file a trial memorandum not later than September 24, 2025, addressing the issues and damages requests she intends to present at the bench trial.

## CONCLUSION

In sum, plaintiff's motion for entry of default judgment against Akina [DE 135] is DENIED.

The Court will conduct an evidentiary hearing and bench trial on September 26, 2025, at 10:00 a.m. at the United States Courthouse at Elizabeth City, should plaintiff affirmatively waive her right to jury trial not later than September 19, 2025. The Court will consider entry of default judgment against the corporate entity defendants at the bench trial should plaintiff so move in accordance with Fed. R. Civ. P. 55(b)(2). Plaintiff shall further file a trial memorandum not later

---

[2] The Court has held in this case, when considering dispositive motions by defendant Meglin, that a North Carolina common law wrongful discharge claim may generally be brought against an employer, not an employer's agents, and it has dismissed that claim as against Meglin. *See* [DE 80] at 14-19. The Court has further held that there is no genuine dispute of material fact as to whether Meglin and/or Akina were aware of plaintiff's protected activity, and that Meglin was entitled to summary judgment in his favor on plaintiff's NC REDA and FLSA retaliation claims. *Id.* at 54-55; *see also* [DE 100]. It would appear that plaintiff cannot proceed on these claims against Akina. However, the Court will consider briefing on this issue if it is filed not fewer than ten (10) days prior to the bench trial in this action.

3

than September 24, 2025, addressing the issues and damages requests she intends to present at the bench trial.

The clerk shall serve a copy of this order on plaintiff, as well as on all defendants at their last known addresses.

SO ORDERED, this 1st day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE